IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING                                                                   PLAINTIFF

VS.                                                          CIVIL ACTION NO. 4:11cv178-FKB

J. ANGLIN, et al.                                                               DEFENDANTS

## MEMORANDUM & OPINION

James C. Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 alleging numerous constitutional violations by prison officials. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

Plaintiff describes four incidents in his complaint: He states that on October 10, 2011, he was threatened with a dough cutter by an inmate after Defendant Anglin refused to allow Plaintiff to "red tag" the inmate. A second incident occurred on October 27, 2011, when officials allegedly allowed inmates to walk into the control tower and open cell doors, thereby freeing inmates and causing Plaintiff to fear being assaulted by the freed prisoners. The third incident described by Plaintiff occurred on October 28, 2011. On that date, officers sprayed a chemical agent in a cell near Plaintiff. Fumes from the agent caused him to suffer from an asthma attack and to panic, but, Plaintiff alleges, officials refused to take him to the medical clinic. Finally, Plaintiff states that on November 4, 2011, Officer Luis Rivera assaulted him. The complaint also contains general complaints about the adverse effect the facility's lockdown status has had on him.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete the Administrative Remedies Program (ARP) process for any of the claims asserted in this action He stated that although he has filed ARP grievances regarding these claims, those grievances are still in "backlog" because of the number of prior grievances filed by him which remain pending.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through the administrative process. 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731, 734 (2001). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement. *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003).

Because Plaintiff has not yet completed the administrative process for resolving his complaints, this action is dismissed without prejudice. A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE